**Dated: August 7, 2015**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Mohammed Sujauddowla, | ) | Case No. 14-11150-JDL |
| | ) | Ch. 13 |
| | ) | |
| Debtor. | ) | |

### ORDER and OPINION DENYING MOTION TO FILE PROOF OF CLAIM OUT OF TIME

This matter comes on for consideration upon the *Motion of HIBU, Inc. to File Proof of Claim Out of Time* (the "*Motion*") [Doc. 127], the *Objection of Chapter 13 Trustee* [ Doc. 129] and the *Response* to the *Motion* filed by the Debtor [Doc. 130]. The Court having reviewed the docket sheet and the pleadings before the court, pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014 makes the following findings of fact, conclusions of law and enters the following order.

**Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the reference to the bankruptcy court of all cases and proceedings arising under Title 11 of U.S.C. by the United States District Court for the Western District of Oklahoma pursuant to LCvR 81.4.  This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate).

**Statement of Facts**

The following facts are not disputed:

On March 25, 2014, Debtor filed a voluntary petition in bankruptcy under Chapter 7.[1]  On April 21, 2014, an order was entered converting the case to one under Chapter 13.  Notice thereafter was sent to Debtor and his creditors informing them, *inter alia* , that the bar date for filing claims pursuant to Fed. R. Bankr. P. 3002 was August 27, 2014.  [Doc. 15].  Debtor's Plan was confirmed on April 24, 2015.  HIBU, Inc. ("Movant") never filed a proof of claim.

Movant was listed as a creditor in Debtor's bankruptcy schedules in the amount of $7,386 [Doc. 9, pg. 16]; however, its name and address was not included on the original mailing matrix filed on March 25, 2014, by which notice of the bankruptcy was given.  [Doc.

---

[1] The Court takes judicial notice, under Fed. R. Evid. 201 (applicable to bankruptcy cases by Fed. R. Bank. P. 9017), of the docket entries in this case, as well as the documents filed herein.  See *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that court may *sua sponte* take judicial notice of its docket).

3].[2]  Movant was not included on the amended mailing matrix filed on April 11, 2014 [Doc. 10], nor was Movant listed on the March 29, 2014, Bankruptcy Noticing Center Certificate of Notice reflecting the mailing of the notice of bankruptcy. [Doc 5], or the June 28, 2014 Bankruptcy Noticing Center Certificate of Notice of Confirmation Hearing.  [Doc. 38].  In fact, it appears that Movant's name was not added to the court clerk's mailing matrix until after Movant filed its *Motion* and Notice of Entry of Appearance on July 14, 2015.[3]

On July 14, 2015, Movant filed the instant *Motion*, seeking leave to file out of time an unsecured proof of claim in the amount of $19,794.80 based on two contracts for yellow book advertising with Pizza Land which were signed by "Moe Suja".  Movant asserts in its *Motion* that "Moe Suja" was the only name with which it was familiar in dealing with Debtor and was not aware of this bankruptcy, however the Petition [Doc. 1], Notice of the Chapter 7 filing [Doc. 4] and the Notice of the Chapter 13 filing [Doc. 15] did identify Debtor as "a.k.a. Mohammed Sujauddowla Mo Suja".  While there does appear to be a fact issue in question as to when Movant received proper notice of the bankruptcy, as will be discussed below, the Court cannot grant leave to file an untimely proof of claim.

## Conclusions of Law

In its *Motion*, Movant argues that its failure to file a proof of claim by the August 2014, deadline should be viewed as "excusable neglect" under Fed. Rule Civ. Proc. 60

---

[2] Movant has not raised the issue that it was not included on any mailing matrix, and therefore never received notice. However, the Court has determined the apparent lack of notice by reviewing the docket sheet, and notice is such a fundamental matter that it is appropriate that the lack of notice/due process issue be raised *sua sponte*.

[3] It appears that the first time Movant was included on a matrix was on the one attached to Debtor's Chapter 13 Plan filed on April 23, 2014 [Doc. 13].  This matrix, however, was not the same as was uploaded to the Court.

made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9024.  Movant's reliance upon Rule 60 is misplaced.  Rule 60(b) provides, in pertinent part, that the "court may relieve a party or its legal representatives from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect".  Movant's real relief is not by vacating an order of the court or, more accurately in this case, the bar date established by the bankruptcy notice; rather, Movant seeks relief by the court granting it additional time within which to file its untimely proof of claim.  This is a situation covered not by Rule 60, but by Rules 3002 and 9006 of the Federal Rules of Bankruptcy Procedure.

Rule 3002(c) provides, in relevant part :

> In a Chapter 7 liquidation, Chapter 12 family farmer's debt adjustment, or Chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of . . . the Code.

Thus, in Chapter 13 cases, the proof of claims bar date is set by this procedural rule at 90 days from the date first set for the meeting of creditors.  In this case, the meeting of creditors was scheduled April 29, 2014; thus, the claims deadline was fixed at  August 27, 2014 – 90 days later. [Doc. 15].

Subdivision (b) of Rule 9006 provides the circumstances under which a court may enlarge the time periods in a bankruptcy case: "Except as provided in paragraphs (2) and (3) of this subdivision, . . . the court . . . may any time in its discretion. . . permit the act to be done where the failure to act was the result of excusable neglect".  Thus, the power of a bankruptcy judge to apply the excusable neglect standard of Rule 9006(b)(1) is expressly constrained by the limitations found in Rules 9006(b)(2) and (b)(3).  Rule 9006(b)(3), in turn, states:

> The court may enlarge the time for taking action under rules 1006 (b) (2), 1017(e), 3002 (c),4003 (b), 4004(a), 4007(c), 4008(a), 8002 and 9033, *only to the extent and under the conditions stated in those rules"*.  (Emphasis added).

There is no excusable neglect basis for enlarging the claims bar date included in Rule 3002(c).[4]  Accordingly, the excusable neglect standard found in Rule 9006(b)(3) does not authorize extensions of the claims deadline imposed in Chapter 13 cases, in light of the limiting language of Rule 9006(b)(3).  See e.g., *Jones v. Arross*, 9 F.3d 79, 81 (10th Cir. 1999)( holding that excusable neglect standard applies only in Chapter 11 cases); *Abooty v. United States (In re Abooty)*, 233 B.R. 36 (1st Cir. BAP 1998 ) (holding that "excusable neglect " is not a valid basis to allow proofs of claim beyond the Rule 3002(c) in Chapter 13 cases);  *In re Coastal Alaska Lines Inc.*, 920 F.2d 1428, 1432 (9th Cir.1990).  Even the seminal United States Supreme Court case on "excusable neglect", *Pioneer Investments Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489 (1993), made clear that Rule 3002(c) was excluded from the operation of the excusable neglect standard. 507 U.S. at 389, n.4, 113 S.Ct. 1489.  "[S]ince 1994, the courts have almost uniformly ruled that proofs of claim that are untimely filed in a Chapter 13 case may not be deemed timely filed, and that the claimants thereunder should not take from, or be permitted to recover from, the debtor's estate under the Chapter 13 plan".  *In re Daniels*, 466 B.R. 214, 217 (Bankr. S.D.N.Y. 2011).  A bankruptcy court does not have the discretion to allow late filed claims in a Chapter 13 case*.  In re Euston*, 120 B.R. 228, 230

---

[4] Nor does Rule 3002(c) allow an exception to the filing deadline for a creditor who was not notified of a bankruptcy.  *Jones v. Arross*, 9 F.3d 79 (10th Cir. 1993).

(Bankr. M.D. Fla. 1990); *In re Jones*, 154 B.R. 816, 818 (Bankr. N.D. Ga. 1993 ); *In re Turner*, 157 B.R .904, 910 (Bankr. N.D. Ala.1993).

While the law is clear that there is no basis for permitting the filing of an unsecured proof of claim out of time in a Chapter 13, a debtor may not take advantage of such shelter at the expense of the creditor's due process rights. Proceedings within the ambit of the Bankruptcy Code are no less susceptible to the requirements of due process arising out of the Fifth Amendment to the Constitution than in any other realm. *In re XO Communications, Inc.*, 301 B.R. 782, 792 (Bankr. S.D. N.Y. 2003) (citing *In re Drexel Burnham Lambert Group, Inc*., 151 B.R. 674, 679 (Bankr. S.D. NY 1993). One such fundamental due process right is a creditor's right to receive notice of the bar date for filing a proof of claim. *In re Mariner Post-Acute Network,* 303 B.R. 42, 46 (Bankr. D. Del. 2003).

The Supreme Court has repeatedly established that in order to satisfy due process, notice must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections". *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 S. Ct. 652 (1950); *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S 478, 108 S.Ct. 1340 (1988). Only after a showing of reasonable notice may a creditor's claim be barred. *City of New York v. New York, New Hampshire & H. H. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299 (1953).

"We are aware of the seeming harshness of the result" of Movant not being permitted to file a claim out of time; "the Bankruptcy Code, however, specifically provides a remedy" for creditors in Movant's situation. *Jones v. Arross* , 9 F.3d 79, 80-81(10th Cir.

1993). If it was not listed among Debtor's creditors, its claim is nondischargeable. See 11 U.S.C. § 523(a)(3).

In the present case, a question may exist as to whether Movant received proper notice of the bankruptcy so as to timely file a proof of claim. As stated in the Facts above, it appears that Movant was not included on the original and amended matrices filed with the Court. Bankruptcy Code § 523(a)(3)(B) addresses important due process concerns by providing for a nondischargeability action for defrauded creditors who were neither listed nor scheduled and had no notice or actual knowledge of the case in order to permit the timely filing of a proof of claim. *Jones v. Arross*, 9 F.3d 79 (10th Cir. 1999); *In re Jenkins,* 434 B.R. 604 (Bankr. D. Colo. 2010). "When a debtor does not afford a creditor due process, either by failing to timely schedule a creditor or by scheduling it incorrectly, the creditor's right to object to the dischargeability of a debt cannot be time-barred under Rule 4007c)". *In re Schicke*, 290 B.R. 792, 800 (10th Cir. BAP 2003). Actions brought by creditors under § 523(a)(3)(B) are governed by Rule 4007(b) which provides that a complaint under that section may be filed *at any time*. Thus, there is no statutory time limit for actions filed under § 523(a)(3)(B). If Movant believes it was denied due process, the Court's ruling does not leave it without a remedy.

For the above reasons, the Motion of Hibu, Inc., to File Proof of Claim Out of Time is hereby **DENIED**.

# # #